## PROCTOR v. WOODRUFF.

(Supreme .Court, Appellate Term.    November 12, 1909.)

1. HUSBAND AND WIFE (§§ 19, 23.*)—PURCHASES OF WIFE—NECESSARIES—LIA-
    BILITY OF HUSBAND.

    A husband was not liable for apartment decorations furnished and
    charged to his wife, in the absence of proof that they were necessaries
    that she had been expressly authorized to buy, or that he had held her
    out as his agent with authority to act in the premises.

    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–
    138, 142–144 ; Dec. Dig. §§ 19, 23.*]

2. HUSBAND AND WIFE (§ 23¾*)—PURCHASES BY WIFE—ACTUAL AUTHORIZA-
    TION.

    Where apartment decorations were furnished as ordered by defend-
    ant's wife for the apartment in which both resided, and of which he had
    control, and he thereafter stated that he gave .his wife money to pay
    for them, such facts established a prima facie case that the wife had been
    expressly authorized to contract therefor as his agent.

    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 145,
    146 ; Dec. Dig. § 23¾.*]

Appeal from City Court of New York, Trial Term.

Action by John Proctor against John S. Woodruff.    Judgment for
defendant, and plaintiff appeals.    Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

Henry Hoelljes (Walter C. Low, of counsel), for appellant.
Arthur C. Hume, for respondent.

LEHMAN, J.    The plaintiff has brought an action against the
defendant for goods sold and delivered, and for work, labor, and ma-
terials.    At the trial the defendant, called on behalf of the plaintiff,
testified that he was living with his wife at the Touraine apartment
house, in an apartment leased in his name, and for which he had
agreed to pay the annual rent of $1,500, and that he paid the rent and
other household expenses.    Plaintiff's salesman then testified that he
sold certain goods to Mrs. Woodruff for use in her apartment, and
did work in decorating the apartment, and that the reasonable value
of the goods sold and the work done was $245.69; that these goods
were charged to Mrs. Woodruff, and he did not communicate with
the defendant before furnishing the goods.    Plaintiff's bill collector
testified that about two years thereafter he called upon the defendant
and asked him to pay the bill, and defendant said that he was very
much surprised that the bill was not paid; that, after everything
was finished, he gave his wife the money to pay this bill; that he
would have to investigate the bill; that he was going to Germany any-
way, and would see his wife about it, and when he came back he
would settle it.    At the same time he asked whether the plaintiff would
not compromise it in some way, and take something off the bill, be-
cause he was under a great deal of expense. .The plaintiff then rested,
and the court dismissed the complaint. .

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The plaintiff has failed to show that the goods were necessaries, and it appears that there were no previous dealings between the parties, in which the defendant had held out his wife as his agent, and in fact credit was apparently originally given to the wife, and not to the husband, upon the plaintiff's books. The complaint was therefore properly dismissed, unless. it appears that the plaintiff has made a prima facie case of actual, as distinguished from implied or apparent, agency. The plaintiff has shown that the goods were delivered and the work done in an apartment where the defendant lived, and of which he was in control, and that they were intended for use in that apartment, and therefore probably for the defendant's use. He has enjoyed the result of the contract made by his wife, and has admitted that he gave money to his wife, not to obtain these articles and decorations, but to pay the bill for them. If the alleged agent had been his housekeeper, and not his wife, I think that it would be evident that he would be liable for the bill incurred under these circumstances. If the defendant actually authorized his wife to contract with the plaintiff, the marital relation with his agent can certainly be no defense. The question of the actual authority should therefore have been submitted to the jury.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.